## WILLIS *et al vs.* BIVINS.

MOTION TO ENTER JUDGMENT, FROM TAYLOR. Principal and Surety. Bonds. Distress Warrant. Practice in Superior Court. Judgments. (Before Judge Willis.)

Hall, J.—Where a counter-affidavit was filed to a distress warrant, the sureties on the bond given, in obligating themselves to pay "the eventual condemnation money," bound themselves to pay whatever amount might be found against their principal by the jury, upon the trial of the issue made by the counter affidavit, and, in order to bind them, the issue should have been submitted to the jury. Where a judgment was entered against the defendant by the presiding judge, without the verdict of a jury, in pursuance of an arrangement entered into between the plaintiff and defendant, without the knowledge or consent of the sureties, and several years elapsed without further action, the court should not, on application of the plaintiff, have entered a judg-

ment *nunc pro tunc* against the defendant's sureties. Code, §§4088, 2153,. 2152; 2154.

2. There was no mistake in the judgment as originally entered, but it seems to be in accordance with the understanding between the parties thereto, and the plaintiff was not entitled to have it amended or to have another and fuller judgment rendered at a subsequent term of the court *nunc pro tunc.* 20 Ga., 102, 104; 24 Id., 422.

Judgment reversed.

W. S. Wallace & Son, for plaintiff in error.

C. J. Thornton, for defendant.